UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-01854-HDV-SP | Date | February 25, 2026 |
|---|---|---|---|

| Title | *Abdikadir Diini Talaso v. Kristi Noem, et al.* |
|---|---|

Present: The Honorable    Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:    (IN CHAMBERS) ORDER DISMISSING CASE [JS-6]**

The Court has received a status report [Dkt. 22] indicating that Petitioner has been released from custody under the terms of his prior order of supervision and transported back to New York pursuant to the Court's preliminary injunction ("PI") [Dkt. 21].

Petitioner nonetheless insists that his Habeas Corpus Petition [Dkt. 1] is not moot because he still has a "concrete interest" in "preventing [his] re-detention unless the Respondents have travel documents and a travel plan." Supplemental Brief Regarding the Absence of Mootness ("Petitioner's Brief re Mootness") [Dkt. 23] at 2. Respondents, for their part, insist that the Petition is moot. Response to Objections to R&R [Dkt. 24].

Petitioner is not entitled to permanent injunctive relief assuring that he is not re-detained unless the Respondents have travel documents and a travel plan. Petitioner's Brief re Mootness at 2. Petitioner has a final order of removal. R&R [Dkt. 10] at 3. After the entry of a final order of removal against a noncitizen, the government must generally remove him within 90 days, during which period the government "shall" detain him. 8 U.S.C. § 1231(a)(1)(A), (a)(2); *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). If the government doesn't manage to remove him within that time, and he fits within certain categories, the government "may" continue to detain him. 8 U.S.C. § 1231(a)(3), (a)(6); *Johnson*, 596 U.S. at 578–79. This "does not permit indefinite detention"—a noncitizen may be detained only for a period "reasonably necessary" to bring about his removal from the United States, presumptively six months. *Zadvydas v. Davis*, 533 U.S. 678, 689, 701 (2001). After that point, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future," the government must either rebut that showing or release him.  *Id.* at 701.
This Court found that, as of February 11, 2026, Petitioner had made and the government had not
rebutted that showing, and thus ordered his release.  PI at 2–3.  But this does not mean that
circumstances will not change such that, at some point, his removal in the reasonably foreseeable
future will be significantly likely.  *See* 8 C.F.R. § 241.14(i)(1)(2) (permitting revocation of
release and return to custody in such a circumstance).  And the government need not already
have travel documents and a travel plan in hand to show such changed circumstances—that is
not the standard.

Since Petitioner is no longer in custody and is not entitled to the further permanent
injunctive relief he seeks, the Court finds that the Petition is moot, and dismisses it.  But the
Court will retain jurisdiction to adjudicate any collateral enforcement issues.  And the Petition is
dismissed without prejudice.  Should Petitioner be re-detained in violation of the law, he is free
to file another petition.

**IT IS SO ORDERED.**